FILED

2010 MAY 11 PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

LATHAM & WATKINS LLP
Marc W. Rappel (State Bar No. 097032)
Amjad M. Khan (State Bar No. 237325)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Plaintiffs A-List, Inc., dba Kitson, and Fraser Ross

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

A-LIST, INC., DBA KITSON, a California corporation, and FRASER ROSS, an individual,

Plaintiffs,

v.

LUCAS DESIGN INTERNATIONAL, INC., a California corporation, and DOES 1 through 10, inclusive,

Defendants.

CASE NUMBER: CV10-3535 DSF(RCx)

To be supplied by the Clerk of The United States District Court

**COMPLAINT FOR:**

**(1) BREACH OF CONTRACT**

**(2) TRADEMARK INFRINGEMENT/ FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§ 1114, 1125 (a))**

**(3) COUNTERFEITING (15 U.S.C. § 1125(c))**

**(4) TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

**(5) TRADEMARK DILUTION UNDER CALIFORNIA LAW (Cal. Bus. & Prof. Code §§ 14247 and 14272 and California common law)**

**(6) COUNTERFEITING UNDER CALIFORNIA LAW (Cal. Bus. & Prof. Code §§ 14250 and 14272 and California common law)**

(7) **UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 and California common law)**

(8) **DECLARATORY RELIEF (Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202)**

**DEMAND FOR JURY TRIAL**

For its complaint against Defendants Lucas Design International, Inc. ("Lucas Design") and Does 1 through 10, inclusive, Plaintiffs A-List, Inc., dba Kitson ("Kitson"), and Fraser Ross ("Ross") allege as follows:

**THE PARTIES**

1. Plaintiff A-List, Inc. dba Kitson is a California corporation with its principal place of business at 115 South Robertston Boulevard, Los Angeles, California 90048.

2. Plaintiff Fraser Ross is owner of A-List, Inc. dba Kitson.

3. Defendant Lucas Design International, Inc. is a California corporation, with its principal place of business at 2520 West 6th Street, Los Angeles, CA 90057.

4. Plaintiffs are informed and believe, and thereon allege, that the defendants named herein as Does 1 through 10 are in some manner responsible for the events and wrongful conduct described herein, and are liable to Plaintiffs for the damages they have incurred. The true names and capacities of said defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when they have been ascertained.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiffs' claim for trademark infringement/false designation of origin, pursuant to 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over Plaintiffs' claim for counterfeiting pursuant to 15 U.S.C. § 1117(b), and 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over Plaintiffs' claim for trademark dilution pursuant to 15 U.S.C. § 1125(c), and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Plaintiffs' remaining claims (*i.e.*, breach of contract, trademark dilution under

California law, counterfeiting under California law, and statutory and common law unfair competition) pursuant to 28 U.S.C. §§ 1367(a) and 1338(b), because the state law claims are so related to the federal trademark claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1391(b)(c) and 1400(a), because Lucas Design is deemed to reside in this District, and a substantial part of the events giving rise to this action occurred in this District.

## INTRODUCTION

7. Plaintiffs bring this action to stop Defendants from unlawfully manufacturing and selling tote bags bearing the Kitson trademark in violation of (a) Ross' exclusive trademark rights, and (b) an exclusive License Agreement (the "License") among Lucas Design, Kitson and Ross. Lucas Design's infringement is particularly harmful to Plaintiffs because Lucas Design is authorized under the License to manufacture certain products (excluding tote bags) bearing the Kitson trademark. Lucas Design is taking advantage of its status as an authorized licensee to promote the sale of its counterfeit tote bags. Plaintiffs are informed and believe that Defendants caused the manufacture of thousands of counterfeit tote bags unlawfully bearing the Kitson trademark. Absent injunctive relief from this Court, Lucas Design will continue to manufacture, market and sell its counterfeit tote bags, undermining the sale of legitimate tote bags by Kitson, depriving Kitson of royalties, and causing irreparable injury to Plaintiffs.

8. On August 1, 2008, Kitson, Ross and Lucas Design entered into the License, which granted Lucas Design a license to manufacture and sell certain products bearing the Kitson trademark in return for a specified royalty, payable quarterly. The License expressly excluded tote bags from the products Lucas Design was authorized to produce. Despite the plain language of the License,

Lucas Design disregarded Kitson's intellectual property rights, counterfeited Kitson tote bag designs and distributed and sold the inferior products at exorbitant prices. Lucas Design's conduct is a material and incurable breach of the License, which has caused substantial damage to Plaintiffs. Plaintiffs' damages continue to accrue.

## PLAINTIFFS' BUSINESS AND INTELLECTUAL PROPERTY

9. Kitson is a leading fashion retailer and global lifestyle brand. It offers a comprehensive range of trendsetting apparel, footwear, accessories, eyewear, apothecary and other items available at boutiques across Los Angeles. It also carries exclusive lines from well-known premium brands of clothing and accessories.

10. Ross founded Kitson in 2000. "Kitson" is Ross' middle name. Ross has registered "Kitson" as a trademark with the United States Patent and Trademark office as Nos. 3217006 (class 35) and 76648641 (classes 03 and 25). Ross has licensed Kitson to produce and sell a wide variety of apparel and other products using his registered trademark.

11. Kitson's registered brands and logos are synonymous with the latest trends in today's fashion. Kitson's registered brands and logos, whether on a product, packaging or product literature, are easily identifiable symbols to consumers.

12. As a consequence of Kitson's advertising, marketing and promotional efforts, and the high quality maintained for all Kitson brand products over the years, the Kitson brand and logo have acquired considerable value and become well-known to the consuming public and trade throughout the world. The public recognizes the Kitson brand and logo as distinguishing Kitson's products from the goods of others.

13. Since 2000, Kitson has expended a great deal of time, effort and money in the promotion of the Kitson brand and logo. Through extensive

advertising, both nationally and worldwide, the Kitson brand and logo have become famous throughout the United States and the world.

14. Because of Kitson's extensive promotional activities involving the Kitson brand and logo and as a consequence of Kitson's fair and honorable dealings with its customers, the relevant consuming public has come to recognize products bearing the Kitson brand and logo. One of Kitson's most profitable and successful products is a line of tote bags. In 2009, Kitson developed a sequin tote bag that became immensely popular. Sales of the Kitson sequin tote bag exceeded $10 million during the period from March 1, 2009 to present.

## THE EXCLUSIVE LICENSE AGREEMENT

15. On or about August 1, 2008, Kitson, Ross and Lucas Design entered into the License. Section 1 of the License defines the "Products" that Lucas Design is authorized to manufacture and sell to include "Headwear and Hair Accessories," "Jewelry," "Watches," "Handbags and small leather goods," and "Belts." Section 1 specifically states the handbags and leather goods that Lucas Design is authorized to manufacture and sell " exclude[es] tote bags and backpacks."

16. Section 5 of the License states that Lucas Design must obtain prior written approval for any product produced under the License and confers upon Fraser Ross and/or Kitson's designated representative the "final approval on all creative, designs, and quality for the Products."

17. In Section 23 of the License, Lucas Design agreed that it "will not use (including, without limitation, as part of its company name) or permit the use of the [Kitson's intellectual] property for any purpose or use other than those connected with the rights granted herein." Moreover, Lucas Design agreed to "cooperate with Licensor [Kitson] in this respect by incorporating appropriate copyright and/or trademark notices and protections on tags appearing on the Products, and on Collateral Material."

18. Section 24(f) of the Agreement permits Kitson to terminate the License if Lucas Design "fails to immediately discontinue the advertising, distribution or wholesale of Products which do not contain the appropriate legal legend or notice and/or do not have appropriate tags and labels affixed thereto as stipulated in sections 23 and in the Kitson LA style guidelines to be provided to Lucas." Moreover, for any violation of Section 24(f), Kitson is entitled to "$500 for each Product item sold by Licensee [Lucas Design] that does not comply with section 23 and/or the Kitson LA style guidelines." In addition, Section 24(f) permits Kitson to recover "actual damages, lost profits, attorneys' fees and costs for any unlawful activity subsequent to the execution of th[e] Agreement."

**ILLEGAL SALE OF COUNTERFEIT KITSON TOTE BAGS**

19. Under the License, Lucas Design operated as Kitson's exclusive licensee worldwide except for Japan. In or around September of 2008, Lucas Design began manufacturing, wholesaling and distributing Kitson brand handbags and jewelry pursuant to the License. As part of its license, Lucas Design obtained design directions and approvals from Ross and Kitson's director of operations, Dean Khial.

20. In the Fall of 2009, Lucas Design orchestrated a plan to manufacture, wholesale, distribute and sell Kitson tote bags (including the highly desirable sequin tote) in violation of the parties' License. Knowing that its exclusive license did not extend to Kitson brand tote bags, Lucas Design devised a strategy whereby it would (1) counterfeit the Kitson brand tote bags and sell them for a fraction of the cost paid by Kitson for its genuine bags; (2) conceal evidence of any sales of counterfeit Kitson brand sequin tote bags, and (3) sell the counterfeit bags at a substantial mark-up – over twice Kitson's sale price for the same product.

21. In or around January 2010, Mr. Ross and Mr. Khial made several phone calls and sent several e-mails demanding that Lucas Design provide a

complete list of retailers that were selling Kitson branded products produced by Lucas Design under the License, together with photographs of the Kitson display at each such retailer. Lucas Design failed to respond to any of these phone calls or e-mails.

22. As a direct consequence of Lucas Design's material breach of the License, Plaintiffs have incurred and continue to incur substantial damages. To date, Plaintiffs have learned that Lucas Design is selling counterfeit Kitson tote bags in one or more retailers in Taiwan through a distributor named Princess Mia, Inc. (whose invoices refer to the tote bag as a "day bag"). Lucas Design is also distributing counterfeit Kitson tote bags through online merchants associated with yahoo.com and blingbling.com, which are available to U.S. customers. Lucas Design's sales of counterfeit Kitson tote bags have substantially undermined Kitson's ability to sell genuine Kitson tote bags, both in the United States and in Asia.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

(Against Lucas Design)

23. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 22, inclusive.

24. Beginning in 2009, Lucas Design breached the License by orchestrating a plan to manufacture, wholesale, distribute and sell counterfeit Kitson brand tote bags. The counterfeit sequin tote bags are virtually identical to the genuine Kitson sequin tote bags, except that they employ a pink liner that was specifically disapproved by Ross because it includes the phrase "Caution DUI," which Ross believes degrades and demeans the Kitson trademark. Another counterfeit tote bag is virtually identical to the genuine tote produced by Kitson except that the grommets on the bag do not bear the Kitson name, and it employs the same disapproved liner.

25. As a direct and proximate result of Lucas Design's breach of its obligations set forth in the License, Plaintiffs have suffered damages in an amount to be proven at trial but which Plaintiffs believe will far exceed the sum of $2 million in actual damages, plus lost profits, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN**

(15 U.S.C. §§ 1114 and 1125(a))

(Against All Defendants)

26. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 25, inclusive.

27. Ross is the sole and exclusive owner of the Kitson trademark (the "Kitson Mark"). Ross has licensed Kitson to produce and sell a wide variety of apparel and other products using his registered trademark. As a consequence of Plaintiffs' advertising, marketing and promotional efforts, and the high quality maintained for all Kitson products over the years, the Kitson Mark has acquired considerable value. It has become well-known to the consuming public and trade throughout the world as being associated with Kitson and favorably received by the public. The public recognizes the Kitson Mark as distinguishing Kitson's products from the goods of others.

28. As a result, the Kitson Mark is distinctive and/or suggestive, and at a minimum, has acquired secondary meaning by purchasers and the public associating the Kitson Mark with Kitson.

29. Goods bearing the Kitson Mark, such as the Kitson tote bags (including the highly desirable sequin tote), are understood by customers to be authorized, licensed, affiliated with and/or endorsed by Kitson.

30. Defendants' marketing and/or sale of the Kitson tote bags (including the highly desirable sequin tote) bearing the Kitson Mark, without the authorization, license, or permission of Plaintiffs, is likely to cause confusion,

mistake, or deception as to the source, origin, authorization, and/or approval of the merchandise sold by Defendants in violation of Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a). Specifically, Defendants' activities are likely to lead the public to conclude, incorrectly, that Defendants' counterfeit tote bags are manufactured, authorized, licensed, and/or endorsed by Plaintiffs, and/or that Defendants are is affiliated, connected and/or associated with Plaintiffs, to the damage and harm of Plaintiffs and the public.

31. Plaintiffs are entitled to recover Defendants' profits and reasonable royalties, together with Plaintiffs' damages, each of which may be trebled, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

32. Defendants' intentional and willful activities have caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedy at law, in that: (i) The Kitson Mark is a unique and valuable property right which has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with Plaintiffs' goodwill and customer relationships, and will substantially harm Plaintiffs' reputation and the Kitson Mark as a source of high quality goods as well as dilute the substantial value of Kitson's name and the Kitson Mark; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiffs, are continuing. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. § 1118 impounding all copies of infringing products. Plaintiffs also are entitled to, among other things, the cost of corrective advertising.

33. Defendants' unlawful and willful conduct renders this case an exceptional case, further entitling Plaintiffs to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

**COUNTERFEITING**

(15 U.S.C. § 1117(b))

(Against All Defendants)

34. Plaintiffs incorporate and reallege by this reference the allegations of paragraphs 1 through 33, inclusive.

35. Ross is the sole and exclusive owner of the registered Kitson Mark, in connection with which Kitson and its licensees have marketed, advertised and promoted high quality goods. As a consequence of Plaintiffs' advertising, marketing and promotional efforts, and the high quality maintained for all Kitson products sold over the years, the Kitson Mark has acquired considerable value and have become well-known to the consuming public and trade throughout the world as being associated with Kitson and favorably received by the public. The public recognizes the Kitson Mark as distinguishing Kitson's products from the goods of others.

36. Defendants have infringed Plaintiffs' registered trademark by intentionally using the Kitson Mark in connection with the same goods and services covered by Plaintiffs' trademark registrations. Defendants are knowingly marketing products bearing marks that are identical or substantially indistinguishable from the Kitson Mark.

37. Defendants' conduct constitutes counterfeiting, as specified in 15 U.S.C. § 1117(b). Accordingly, Plaintiffs are entitled to statutory damages at its election in accordance with 15 U.S.C. § 1117(c).

**FOURTH CLAIM FOR RELIEF**

**FEDERAL TRADEMARK DILUTION**

(15 U.S.C. § 1125(c))

(Against All Defendants)

38. Plaintiffs incorporate and reallege by this reference the allegations

of paragraphs 1 through 37, inclusive.

39. For several years, Plaintiffs have caused the aggressive and effective protection and promotion of the Kitson Mark throughout the United States and the world. As a result, the Kitson Mark has become famous within the meaning of 15 U.S.C. § 1125(c).

40. After the Kitson Mark became famous and well-known, Defendants misappropriated the Kitson Mark for their own use and commercial advantage, in blatant disregard of Plaintiffs' rights, and in a manner that will cause dilution of the distinctive quality of Kitson's Mark.

41. As a result, Plaintiffs stand to suffer irreparable harm and dilution to its registered Kitson Mark through tarnishing and blurring of those marks, and Plaintiffs therefore are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(2).

42. Plaintiffs are informed and believe, and on that basis alleges, that by engaging in the conduct described herein, Defendants willfully intended to trade on Plaintiffs' goodwill and reputation of its Kitson Mark. As such, Plaintiffs are entitled to damages in accordance with 15 U.S.C. § 1125(c)(2), in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

(Cal. Bus. & Prof. Code §§ 14247 and 14272 and California Common Law)

(Against All Defendants)

43. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 42, inclusive.

44. Defendants' conduct dilutes the distinctive quality of the Kitson Mark. These acts constitute trademark dilution under California Business and Professions Code §§ 14247 and 14272, the analogous statutes of other states, and California common law.

45. Absent injunctive relief, Plaintiffs have no means by which to control Defendants' infringement and dilution of the Kitson Mark. Plaintiffs are thus entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

46. Plaintiffs also are entitled to damages, Defendants' profits, and other damages according to proof at trial, costs, and attorneys' fees.

47. In performing the conduct described herein, Defendants acted despicably and with oppression, fraud or malice, intending to injure Plaintiffs and to wrongfully advantage itself at Plaintiffs' expense. By reason thereof, Plaintiffs are entitled to an award of punitive and exemplary damages against Defendants, sufficient to punish and deter it from engaging in such conduct in the future, in an amount to be ascertained at trial.

**SIXTH CLAIM FOR RELIEF**

**COUNTERFEITING UNDER CALIFORNIA LAW**

(Cal. Bus. & Prof. Code §§ 14250 and 14272 and California Common Law)

(Against All Defendants)

48. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 47, inclusive.

49. Defendants have infringed Plaintiffs' registered trademark by intentionally using the Kitson Mark in connection with the same goods and services covered by Plaintiffs' trademark registrations. Defendants are knowingly marketing products bearing marks that are identical or substantially indistinguishable from the Kitson Mark.

50. Defendants' conduct constitutes counterfeiting under California Business and Professions Code §§ 14250 and 14272, the analogous statutes of other states, and California common law.

51. Absent injunctive relief, Plaintiffs have no means by which to control Defendants' infringement and counterfeiting of the Kitson Mark. Plaintiffs

are thus entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

52. Plaintiffs also are entitled to damages, Defendants' profits, and other damages according to proof at trial, costs, and attorneys' fees.

53. In performing the conduct described herein, Defendants acted despicably and with oppression, fraud or malice, intending to injure Plaintiffs and to wrongfully advantage itself at Plaintiffs' expense. By reason thereof, Plaintiffs are entitled to an award of punitive and exemplary damages against Defendants, sufficient to punish and deter it from engaging in such conduct in the future, in an amount to be ascertained at trial.

**SEVENTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

(California Bus. & Prof. Code § 17200 and California Common Law)

(Against All Defendants)

54. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 53, inclusive.

55. Defendants' acts have impaired Plaintiffs'' goodwill, have created a likelihood of confusion and have otherwise adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent business practices. These acts constitute unfair competition and unfair business practices under California Business and Professions Code § 17200, the analogous statutes of other states, and California common law.

56. Absent injunctive relief, Plaintiffs have no means by which to control Defendants' deceptive and confusing use of Kitson's trademark. Plaintiffs are thus entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition. Plaintiffs also are entitled to recover Defendants' profits, as well as its costs and attorneys' fees.

57. In performing the conduct described herein, Defendants acted despicably and with oppression, fraud or malice, intending to injure Plaintiffs and to wrongfully advantage themselves at Plaintiffs' expense. By reason thereof, Plaintiffs are entitled to an award of punitive and exemplary damages against Defendants sufficient to punish and deter them from engaging in such conduct in the future, in an amount to be ascertained at trial.

## EIGHTH CLAIM FOR RELIEF

## DECLARATORY RELIEF

(Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202)

(Against Lucas Design)

58. Plaintiffs reincorporate and reallege by this reference the allegations of paragraphs 1 through 57, inclusive.

59. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any party in any case involving an actual controversy.

60. An actual controversy has arisen and now exists between Plaintiffs and Lucas Design, in that Plaintiffs contend that Lucas Design is not authorized to sell, transfer, market, or use any tote bags from Kitson's inventory which bear the Kitson Mark.

61. Plaintiffs are informed and believe that Lucas Design disputes Plaintiffs' position, and that Lucas Design can claim the right to sell, transfer, market, or use tote bags from Kitson's inventory even to the extent that such goods bear the Kitson Mark.

62. Plaintiffs therefore request and are entitled to a judicial determination as to the rights and obligations of the parties, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

**PRAYER FOR RELIEF**

1. Based on the foregoing allegations, Plaintiffs pray for judgment as follows:

2. That the Court enter a judgment in favor of Plaintiffs and against Lucas Design on all counts alleged herein;

3. That the Court enter a judgment against Lucas Design that it has:

(a) Infringed the rights of Plaintiffs in the Kitson Mark;

(b) Used false designations of origin, and false descriptions and representations in commerce which are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval under 15 U.S.C. § 1125(a);

(c) Diluted the Kitson Mark; and

(d) Engaged in unfair competition.

4. That the Court issue a temporary, preliminary and, thereafter, permanent injunction against Defendants, and their officers, agents, servants, employees, and all others in active concert or participation with them with notice, enjoining and restraining them from the following:

(a) Producing, manufacturing, marketing, designing, distributing, circulating, selling, offering for sale, advertising (including without limitation on television, in print media, and on the Internet), merchandising, importing, promoting or displaying any product that includes any reproduction, counterfeit, copy or colorable imitation of the Kitson Mark;

(b) Producing, manufacturing, marketing, designing, distributing, circulating, selling, offering for sale, advertising, importing, promoting or displaying any product that includes any reproduction, counterfeit, copy or colorable imitation of the Kitson Mark;

(c) Engaging in any other activity constituting an infringement of: (i) The Kitson Mark; (ii) any other of Kitson's rights in said names, marks and copyrights; (iii) Kitson's right to use or to exploit said names, marks, copyrights and/or trade dress; and (v) engaging in any other activity which dilutes or infringes Kitson's trademarks, names, reputation, or goodwill;

(d) Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, erroneously to believe either that any product manufactured, distributed, offered for sale, sold, licensed, sponsored, approved, endorsed, or authorized by Lucas Design was manufactured, distributed, offered for sale, sold, licensed, sponsored, approved, endorsed, or authorized by Plaintiffs, or that Lucas Design or its affiliates are affiliated, connected and/or associated with Plaintiffs, when such is not true in fact;

(e) Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above; and

(f) Destroying, concealing, altering, or otherwise disposing of any documents, electronic images or other evidence that relates or refers to the advertising, promotion, production, distribution, sale or giving away of any goods which infringe upon any of Plaintiffs' trademark, including, but not limited to, sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, correspondence, e-mail messages, brochures and catalogs.

5. That the Court order the recall of all products which violate the foregoing currently in distribution channels; that Lucas Design be required to turn

over for impound, during the pendency of this action, all infringing products in its custody and control; and that Lucas Design turn over all infringing products and all matters used to make infringing products.

6. That the Court order Lucas Design to pay to Plaintiffs general, special, actual and/or statutory damages, according to proof at trial.

7. That the Court order Lucas Design to pay restitution of its profits from the above-described activities.

8. That Plaintiffs be awarded statutory damages for Lucas Design's counterfeiting pursuant to 15 U.S.C. § 1117(c).

9. That the damages awarded to Plaintiffs for Lucas Design's trademark infringement be trebled.

10. That the Court order Lucas Design to pay to Plaintiffs both the costs of this action and reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action.

11. For punitive and exemplary damages in a sum to be ascertained at trial.

12. For the imposition of a constructive trust.

13. That Lucas Design be ordered to pay the costs of corrective advertising.

14. For interest at the legal rate.

15. For such other and further relief as the Court may deem just and proper.

Dated: May 11, 2010

Respectfully submitted,

LATHAM & WATKINS LLP
Marc W. Rappel
Amjad M. Khan

By ______________________
Amjad M. Khan
Attorneys for Plaintiffs A-List, Inc., dba Kitson, and Fraser Ross

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury on all claims herein.

Dated: May 11, 2010

Respectfully submitted,

LATHAM & WATKINS LLP
Marc W. Rappel
Amjad M. Khan

By ______________________
Amjad M. Khan
Attorneys for Plaintiffs A-List, Inc., dba Kitson, and Fraser Ross

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV10- 3535 DSF (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A-LIST, INC., DBA KITSON, a California corporation, and FRASER ROSS, an individual,<br>PLAINTIFF(S)<br>v.<br>LUCAS DESIGN INTERNATIONAL, INC., a California corporation, and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br>To be supplied by the Clerk of the United States District Court.<br>CV10-3535 DSF (RCx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): LUCAS DESIGN INTERNATIONAL, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached x complaint ______ amended complaint counterclaim cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Marc A. Rappel and Amjad M. Khan, whose address is 355 South Grand Avenue, Los Angeles, CA 90071-1560. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 11 2010

By: NATALIE LONGORIA
Deputy Clerk

(Seal of the Court)

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

A-LIST, INC., DBA KITSON, a California corporation, and FRASER ROSS, an individual

**DEFENDANTS**

LUCAS DESIGN INTERNATIONAL, INC., a California corporation, and DOES 1 through 10, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Marc W. Rappel #097032; Amjad M. Khan #237325
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560

T: (213) 485-1234 F: (213) 891-8763

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in this State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (Place an X in one box only.)

X 1 Original Proceeding; 2 Removed from State Court; 3 Remanded from Appellate Court; 4 Reinstated or Reopened; 5 Transferred from another district (specify):; 6 Multi-District Litigation; 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** X Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes X No

X **MONEY DEMANDED IN COMPLAINT: $** To be proven at trial; injunctive relief.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infrindement/False Designation of Origin (15 U.S.C. §§1114, 1125(a)); Counterfeiting (15 U.S.C. §1125(c)); Trademark Dilution (15 U.S.C. §1125(c)); Declaratory Relief (Fed.R.Civ.P. 57 & 28 U.S.C. §§2201 & 2202;) California state law claims for Breach of Contract, Trademark Dilation, Counterfeiting and Unfair Competition

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce/ICC Rates/etc.; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 810 Selective Service; 850 Securities/Commodities/ Exchange; 875 Customer Challenge 12 USC 3410; 890 Other Statutory Actions; 891 Agricultural Act; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Info. Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes

**CONTRACT**
110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loan (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**
210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS — PERSONAL INJURY**
310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Fed. Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury-Med Malpractice; 365 Personal Injury-Product Liability; 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
462 Naturalization Application; 463 Habeas Corpus-Alien Detainee; 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**BANKRUPTCY**
422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
441 Voting; 442 Employment; 443 Housing/Accommodations; 444 Welfare; 445 American with Disabilities - Employment; 446 American with Disabilities - Other; 440 Other Civil Rights

**PRISONER PETITIONS**
510 Motions to Vacate Sentence Habeas Corpus; 530 General; 535 Death Penalty; 540 Mandamus/ Other; 550 Civil Rights; 555 Prison Condition

**FORFEITURE/ PENALTY**
610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21 USC 881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs; 660 Occupational Safety/Health; 690 Other

**LABOR**
710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt. Reporting & Disclosure Act; 740 Railway Labor Act; 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
820 Copyrights; 830 Patent; X 840 Trademark

**SOCIAL SECURITY**
861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**
870 Taxes (U.S. Plaintiff or Defendant); 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10-3535

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? X No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? X No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- A. Arise from the same or closely related transactions, happenings, or events; or
- B. Call for determination of the same or substantially related or similar questions of law and fact; or
- C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff A-List, Inc. - Los Angeles<br>Plaintiff Fraser Ross - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Def: Lucas Design International, Inc. - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims - Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

**Note**: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 5/11/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

